# United States Court of Appeals for the Federal Circuit

2009-1406
(Interference No. 105,606)

ELIYAHOU HARARI
and SANJAY MEHROTRA,

Appellants,

v.

SHANE C. HOLLMER
and LEE E. CLEVELAND,

Appellees.

William A. Birdwell, Davis Wright Tremaine LLP, of Portland, Oregon, argued for appellants. With him on the brief was Timothy R. Volpert.

Martin C. Fliesler, Fliesler Meyer LLP, of San Francisco, California, argued for appellees. With him on the brief was Rex Hwang.

Thomas J. D'Amico, Dickstein Shapiro LLP, of Washington, DC, for amicus curiae. With him on the brief were Eric Oliver and Megan S. Woodworth.

Appealed from:  United States Patent and Trademark Office
                Board of Patent Appeals and Interferences

# United States Court of Appeals for the Federal Circuit

2009-1406
(Interference No. 105,606)

ELIYAHOU HARARI
and SANJAY MEHROTRA,

Appellants,

v.

SHANE C. HOLLMER
and LEE E. CLEVELAND,

Appellees.

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

_____

DECIDED: April 19, 2010

_____

Before BRYSON, ARCHER, and PROST, Circuit Judges.

PROST, Circuit Judge.

This case is an appeal from the Board of Patent Appeals and Interferences ("BPAI" or "Board") concerning Patent Interference No. 105,686(JL) between junior party inventors Eliyahou Harari and Sanjay Mehrotra (collectively "Harari") named on pending U.S. Patent Application No. 09/310,880 ("'880 application"), and senior party inventors Shane C. Hollmer and Lee E. Cleveland (collectively "Hollmer") named on U.S. Patent No. 5,828,601. The Board dismissed Harari from the interference, finding that Harari's claims were unpatentable for lack of written description due to an insufficient incorporation by reference statement. Because we disagree with the

Board's legal conclusion as to the sufficiency of the incorporation by reference statement, we reverse the Board's dismissal and remand the case for further proceedings consistent with this opinion.

BACKGROUND

The disputed '880 patent application claims priority to a chain of patent applications, beginning with U.S. Patent Application No. 07/337,566 ("'566 application") (abandoned). The '880 application is a continuation of U.S. Patent Application No. 08/771,708, which is a continuation of U.S. Patent Application No. 08/174,768, which is a continuation of U.S. Patent Application No. 07/963,838, which is a divisional of the original '566 application.

The '566 application was filed on the same day as U.S. Patent Application No. 07/337,579 ("'579 application"), and contained the statement:

> Optimized erase implementations have been disclosed in two copending U.S. patent applications. They are copending U.S. patent applications, Serial No. 204,175, filed June 8, 1988, by Dr. Eliyahou Harari and one entitled "Multistate EEprom Read and Write Circuits and Techniques," filed on the same day as the present application, by Sanjay Mehrotra and Dr. Eliyahou Harari. The disclosures of the two applications are hereby incorporated by reference.

The application also refers to the '579 application by title in a later paragraph. Each related application claiming priority to the '566 application contained similar statements.

During the interference proceeding, Harari filed a motion seeking the benefit of the original filing date of the parent application under 35 U.S.C. § 120. Hollmer filed a competing motion asserting that all claims in the '880 application were unpatentable for lack of written description under 35 U.S.C. § 112, first paragraph. The Board granted

Hollmer's motion, finding the claims unpatentable. The Board then dismissed Harari's motion on the grounds that it lacked standing to proceed further in the interference.

The '880 application at issue in the present interference included a transmittal sheet identifying the filing as a continuation application, a photocopy of the '566 application as originally filed, a preliminary amendment revising the '566 application, and a copy of the inventors' declaration filed in the immediately preceding '708 application. The transmittal sheet specifically states that the application is a continuation of the '708 application (immediately preceding) and the inventors' declaration submitted is a copy of the declaration filed in the original parent application.

The preliminary amendment revises the incorporation by reference statement to delete the "same day as the present application" language from the '566 disclosure and instead refer to the '579 application by serial number and filing date. The preliminary amendment adds the serial number and filing date to the other mention of the '579 application as well. The preliminary amendment also inserts several paragraphs of text and drawing sheets copied from the '579 application and adds new claims directed, at least in part, to that material.

In the "Remarks" section of the preliminary amendment, the applicant explains that the present application is a continuation of the '708 application, and follows the chain back to the initial '566 parent application. The applicant explains that the "present application" language in the incorporation by reference statement refers to the initial parent application, and incorporates the '579 application, which was filed on the same day as the initial parent application. The applicant then explains that the text and drawings added to the present application are copied from the '579 application.

The examiner conducting the interference noted that the inventors' declaration did not refer to the preliminary amendment, and therefore did not treat the preliminary amendment as part of the original disclosure under 37 C.F.R. § 1.63. But see 37 C.F.R. § 1.115(a)(1)(2004) ("A preliminary amendment that is present on the filing date of an application is part of the original disclosure of the application."). The examiner rejected the preliminary amendment's incorporation of content from the '579 application as new matter under 35 U.S.C. § 132, finding that the original disclosure did not clearly identify the '579 application as being incorporated by reference.

Harari appealed to the BPAI. The Board agreed with the examiner that one could not tell from the original disclosure whether the incorporation language referred to an application filed on the same day as the '566 application, or on the same day as the '880 application. The Board found that the incorporation language was so confusing in this way that it could not support the insertion of information from the '579 application into the '880 disclosure by preliminary amendment. It therefore affirmed the examiner's rejection of the preliminary amendment as new matter.

Harari timely appealed to this court. This court has jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

Whether and to what extent a patent incorporates material by reference is a question of law reviewed de novo. Cook Biotech Inc. v. Acell, Inc., 460 F.3d 1365, 1376 (Fed. Cir. 2006).

Prior to 2004, the effective date of 37 C.F.R. § 1.115(a)(1), a preliminary amendment was not automatically considered part of the original disclosure of the

application with which it was filed. Nonetheless, at the time Harari filed the '808 application, examiners were instructed to enter all amendments, whether part of the original disclosure or not. See Manual of Patent Examining Procedure 608.04(a) (7th ed., July 1998) ("MPEP"). If an amendment was not part of the original disclosure, the examiner then determined whether that amendment included new matter. Id. In the context of a continuation application, the examiner's inquiry was whether the amendment added to the continuation application "anything which would constitute new matter if inserted in the original application." Id. at 201.07; 37 C.F.R. § 1.53(b).

Harari argues on appeal that the Board erred in finding the "present application" language in the original disclosure to be so confusing that it did not sufficiently incorporate the '579 application. Harari argues that the '880 application filing makes clear to any reader that the "same day as the present application" is the day on which the parent application was filed. He argues that the inventor's declaration need not refer to the preliminary amendment in order for the examiner to enter the amendment because the preliminary amendment does not contain any new matter compared to the initial parent application. 37 C.F.R. § 1.63(d)(1)(iii).

Hollmer defends the Board's decision by arguing that Harari's "present application" language is ambiguous and context-specific. Hollmer argues that this ambiguity leaves the reader in doubt as to what disclosure is being incorporated into the '880 application, and thus does not satisfy the applicant's legal obligations. See Northrop Grumman Info. Tech., Inc. v. United States, 535 F.3d 1339, 1344 (Fed. Cir. 2008) (holding that an incorporation by reference statement should leave no doubt as to what reference is being incorporated).

We agree with Harari that the '880 application as filed adequately incorporates the '579 application by reference, and does not constitute new matter. The Board's analysis to the contrary is flawed in several ways. We address each in turn.

First, in rejecting the preliminary amendment as new matter, the Board failed to compare the content of the preliminary amendment against the initial parent application. MPEP 201.07; 37 C.F.R. § 1.53(b). At the time the '566 application was filed, the co-pending and simultaneously filed '579 application had not yet been assigned a serial number or awarded a filing date. Thus, the title of the application, named inventors, and the fact that the application was filed on the same day as the '566 application constituted all of the identifying information available to the drafter of the '566 application. This information was sufficient to unambiguously identify and incorporate by reference the disclosure of the '579 application into the disclosure of the '566 application. According to Harari, the preliminary amendment contains only content directly cut and pasted from '579 application.[1] The preliminary amendment thus does not contain new matter compared to the initial parent application. When entered, the preliminary amendment revises the disputed "present application" language, resolving any alleged confusion presented by the manner in which the '880 application was filed.

In addition to failing to compare the preliminary amendment to the initial parent disclosure, the Board appears to have applied the wrong standard in determining that the incorporation language was confusing. The disputed continuation application is at the initial filing stage, where the examiner is first presented with an original disclosure

---

[1] Hollmer concedes that if the '579 application was properly incorporated by reference, then the '880 application as amended would contain no new matter compared to the original parent.

and a preliminary amendment. The proper standard by which to evaluate the sufficiency of incorporation by reference language, at this stage of the proceedings, is whether the identity of the incorporated reference is clear to a reasonable examiner in light of the documents presented.[2] In other words, the relevant inquiry is whether a reasonable examiner would be so befuddled by the language of the original disclosure, despite the explanation provided in the transmittal and preliminary amendment, that he could not determine what document was intended to be incorporated by reference. See In re Fouche, 439 F.2d 1237, 1239 (CCPA 1971); see also 37 C.F.R. § 1.57(g)(2).

We are not swayed by the Board's allegation that deciphering the identity of the incorporated reference would require a massive investigation and extensive detective work into external documents. At this stage of the examination, the examiner's determination is not confined to the photocopy of the initial parent disclosure on its face, nor does it require investigation beyond the documents filed. The examiner is presented with a transmittal sheet identifying the nature of the documents submitted and a preliminary amendment with "remarks" section explaining what documents are before the examiner and how they relate to each other.

There is no situation in which the context-specific "present application" language would be read out of context and result in the alleged confusion. The accompanying

---

[2] Harari argues that the correct standard is how the statement would be understood by one of skill in the art. We agree with Harari that if we were determining the validity of an issued patent containing the disputed incorporation by reference statement, "filed on the same day as the present application," where that language actually refers to an application other than the one issued, then we would be concerned with whether one of ordinary skill in the art could identify the information incorporated. The present case, however, does not involve an issued patent or language that is intended to appear in an issued patent. Thus the proper lens through which to view the disputed language is that which is ascertainable to a reasonable examiner.

transmittal and preliminary amendment provide the very context needed by the examiner to decipher the disputed language.  The preliminary amendment replaces the disputed language with objectively clear language, such that any issued patent or published application later presented to one of skill in the art would not contain the disputed language.

One solution to this problem suggested by the Board was for the inventors to file a new declaration, referring to the preliminary amendment.  The preliminary amendment would then have been entered, and the amended disclosure examined accordingly.  Entering the preliminary amendment, however, would incorporate the '579 application, resulting in an application containing no new matter and needing no new inventors' declaration.  For the Board to require that an applicant file a new inventors' declaration in order to prove that the application contains no new matter and thus does not require a new inventors' declaration is circular and unreasonable.

The other solutions suggested by the Board are similarly unreasonable.  The Board suggests that the applicant should not have filed his continuation in the form of a photocopy of the parent application and preliminary amendment.  Instead, according to the board, the applicant should have filed an original disclosure that referred to the '579 application by serial number.  The Board also suggests that the applicant should have avoided using context-specific timing language in the first place.  Although there may have been other ways to file the application, and more precise ways to communicate the unknown filing date, the form and language chosen by the applicant does not violate any rule or procedural requirement.  The "present application" language was never

objected to by any examiner during prosecution of the '566 application or during the prosecution of any other continuation or divisional applications.

It is not inappropriate for an application to identify for the purposes of incorporation by reference a co-pending application by title, inventors, and a context-specific filing date, where such information is sufficient to identify the application at the time the information is presented. 37 C.F.R. § 1.57(g)(2). It is not new matter, and indeed it is strongly encouraged, to later amend the identifying language to recite a serial number and filing date, when that information becomes available. Id.; see also Scarring Corp. v. Megan, Inc., 222 F.3d 1347, 1352-53 (Fed. Cir. 2000) (holding that renaming or re-identifying items in the disclosure to comport with later-developed and more precise nomenclature is not new matter). There is no specific deadline by which such a clarifying amendment must be made.

It makes no difference that the clarifying amendment was made for the first time by a preliminary amendment to a continuation application, rather than during prosecution of the now abandoned initial parent application.[3] Presented with the application and accompanying documents in this case, no reasonable examiner would be confused as to what document was being identified in the incorporation by reference statement, nor would he be unable to determine on the merits whether the newly presented claims were supported by the originally filed ('566 application) disclosure.

---

[3] But cf. MPEP 608.01(p) (requiring a corrective amendment to be made by the close of prosecution of the parent application where an examiner has rejected the incorporation by reference statement as noncompliant under 37 CFR 1.57(b), (c), or (d)). Here, the examiner did not reject the incorporation statement during prosecution of the initial parent application, or in any subsequent application containing the same statement (until the present interference).

Accordingly, we reverse the decision of the BPAI and remand the case with instructions to resolve the interference proceeding in a manner consistent with this opinion.

REVERSED AND REMANDED